NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued January 4, 2017
Decided January 10, 2017

#### Before

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 16-1114 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 13 CR 121 |
| TERRANCE GRIGGS, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

#### Order

Terrance Griggs was convicted of four felon-in-possession crimes, see 18 U.S.C. §922(g)(1), and sentenced to a total of 200 months' imprisonment. That's below his Guideline range of 292 to 365 months and well below the statutory cap of 480 months— for each of the convictions carries a 10-year maximum sentence. But the district court achieved the 200-month aggregate by combining concurrent sentences of 140 months on three of the counts with a consecutive sentence of 60 months on the fourth. Thus three of the four sentences are 20 months above the statutory maximum.

The United States asks us to disregard this problem because the 200-month total cannot be called plain error. We do not think that the plain-error standard applies. If the district judge had proposed 140-month sentences and Griggs had elected not to object, then we would engage in plain-error review. But the judge did not propose this, and exceeding the statutory maximum was not a subject on which the judge invited input from counsel. How time was parceled out among the counts was announced by the judge after all arguments and submissions were over, and a lawyer need not take exception to a judicial *fait accompli* in order to be entitled to raise a question on appeal. See Fed. R. Crim. P. 51(a); *United States v. Bartlett*, 567 F.3d 901, 910–11 (7th Cir. 2009).

Griggs does not contend that 200 months is unreasonably high, though he does maintain that the district judge may have been confused about her options. The judge is free to adjust all four sentences on remand in light of her knowledge that the maximum on each count is 120 months and that none of the sentences need be consecutive to any other.

The transcript of sentencing suggests some uncertainty about the number of terms (one vs. four) of supervised release. The judgment unambiguously specifies four concurrent terms of three years each, but oral ambiguity can be a problem because the oral pronouncement of sentence controls in the event of conflict. We are confident that this, too, will be cleared up on remand.

Finally, we note that Griggs is free to file a motion for a new trial under Fed. R. Crim. P. 33. He filed one earlier and withdrew it, apparently as a result of his lawyer's legal mistake. He does not need our permission, or the district court's, to file another— though, if he seeks a new trial on the ground of ineffective assistance of counsel, the district judge is free to deny such a motion summarily. A collateral attack under 28 U.S.C. §2255 is a better way to handle such a contention. See *Massaro v. United States*, 538 U.S. 500 (2003).

The judgment is vacated, and the case is remanded for resentencing.